MADDOX, Justice.
This case involves the interpretation of a contract; the critical issue is whether parol evidence should be admitted in order to determine the overall intent of the parties.
The plaintiffs, Daniel and Marilyn Kaufman, were employed as computer data processors by Professional Business Systems and by A.F. Austin & Associates (hereinafter “AFA”); both corporations were founded by Mr. A.F. Austin (hereinafter “Austin”). Austin’s two companies suffered through financial difficulties from the time they were formed. As a result, AFA was unable to pay the Kaufmans their full 1980 salaries. When the Kauf-mans still had not received their back pay by September of 1983, they arranged to take other employment. In order to retain the Kaufmans’ services until a contract with the State of Alabama was completed, Austin agreed to reduce to writing, in the form of a contract, how the debt owed to the Kaufmans would be paid.
The record shows that, although the Kaufmans remained with AFA until the State contract was completed, the back salaries were never paid. The Kaufmans filed suit in circuit court, seeking, among other relief, to hold Austin 'personally liable under the terms of the salary contracts. The trial court examined the contracts in question and found them to be ambiguous, as written. He, therefore, took extrinsic evidence as to the intent of the parties, and the meaning of the applicable terms. A significant part of that evidence relative to the issue here presented was testimony by the Kaufmans that they intended the contracts to bind Austin personally to pay the preexisting debts of the corporation. The trial court agreed, finding Austin personally liable on the contracts. From the entry of a judgment on those findings, Austin appeals.
Of course, it is hornbook law that extrinsic evidence may be admitted to interpret a contract only if the trial judge finds, as a matter of law, that the contract is ambiguous on its face. See, e.g., Coosa Valley Youth Services v. Etowah County, 460 So.2d 1232, 1235 (Ala.1984). Thus, our first determination is whether the trial court properly found the contracts in question to be ambiguous.
*422 It is undisputed that the debts evidenced by the two contracts are corporate debts for back salaries owed the Kaufmans by the corporation and not by Austin individually.
The entire contract reads, as follows: “This agreement is made and entered into this second day of September, 1983, between A.F. Austin & Associates and Daniel C. Kaufman hereinafter referred to as subcontractor.
“Whereas AFA has retained subcontractor to provide services to the Model Traffic Records System on a personal services contract for a time period of approximately thirty days, and WHEREAS, AFA deems it advisable to contract with subcontractor for consulting, systems and evaluation services for a period of thirty days beginning September 1, 1984 and continuing until the effort is complete.
“NOW THEREFORE, in consideration for the mutual covenants herein contained, the parties agree as follows:
“ARTICLE I. SCOPE OF WORK AND RESPONSIBILITIES
“1. The subcontractor will assign Daniel C. Kaufman to provide consulting, systems and evaluation services to the Alabama Office of Highway and Traffic Safety.
“ARTICLE II. PAYMENT PROVISION
“1. AFA will pay subcontractor the amount of $11,500.00 for the services rendered.
“IN WITNESS WHEREOF, the parties have caused this agreement to be signed by duly authorized officers on the day and year above written.
“/s/ Eugene J. [illegible] /s/ A.F. Austin WITNESS
“/s/ Daniel C. Kaufman
“SUBCONTRACTOR”
(Emphasis added.)
The trial court apparently found, as the Kaufmans contend, that the contract was ambiguous because of the use of the initials “AFA ” to represent one of the parties, and because Austin did not indicate, under his signature, the capacity in which he signed. In other words, the Kaufmans claim that the initials “AFA” refer to A.F. Austin, individually, or, at least, that the trial court could so find. We disagree. Looking at the entire contract, it is clear to us, as a matter of law, that the initials “AFA” refer to A.F. Austin & Associates, the only other contracting party, as shown by the introductory paragraph of the contract. Consequently, this Court fails to find the ambiguity necessary to preclude a directed verdict in favor of Austin, insofar as individual liability is concerned. Under Alabama law, it is the duty of the trial court to determine whether a contract is ambiguous, and only if the contract is ambiguous will it be sent to a jury for interpretation. Elder v. E.I. DuPont De Nemours & Co., 479 So.2d 1243 (Ala.1985); Alpine Construction Co. v. Water Works Board of the City of Birmingham, 377 So.2d 954 (Ala.1979).
Based on the foregoing, the judgment is due to be, and it hereby is, reversed.
REVERSED AND REMANDED.
TORBERT, C.J., and ALMON, BEATTY and HOUSTON, JJ., concur.