Betty Yarbrough and Danny Yarbrough purchased certain real property from C S Family Credit, Inc. Thereafter, the Yarbroughs sued C S, alleging, among other things, misrepresentation. Specifically, they alleged that the property they received was substantially less in acreage than the 18.3 acres they had contracted to purchase. The trial court entered a summary judgment for C S. The Yarbroughs appeal, pro se. We affirm.
The trial court indicated no basis for its judgment but merely entered C S's summary judgment. If there is any ground on which the trial court could have entered the judgment, we must affirm it. See Boykin v. Magnolia Bay, Inc., 570 So.2d 639
(Ala. 1990).
In the affidavit filed by C S in support of its motion for summary judgment, which affidavit is made part of the record, Rick Miller stated that in his capacity with C S he was authorized to obtain and did obtain a survey of the property in question and that he attached it to and made it a part of his affidavit; that the surveyor, O. Guthrie Jeffcoat, Jr., verified on the survey that the property in question was 18.3 acres, more or less; and that the information from which the surveyor worked was a copy of the exact legal description contained on the deed from C S to the Yarbroughs, which is part of the record. This established a prima facie case that there was no fraud. Therefore, the burden shifted to the Yarbroughs to present substantial evidence to the contrary in order to avoid the entry of a summary judgment.[1]
Although the Yarbroughs filed affidavits in opposition to C S's motion for summary judgment, the statements contained in these affidavits were insufficient to create a genuine issue of material fact.
Based on the foregoing, we affirm the summary judgment in favor of C S.
AFFIRMED.
HORNSBY, C.J., and MADDOX, SHORES and KENNEDY, JJ., concur.
[1] This case was filed after June 11, 1987; therefore, the "substantial evidence rule" applies. See Ala. Code 1975, §12-21-12. "Substantial evidence" is "evidence of such weight and quality that fair-minded persons in the exercise of impartial judgment can reasonably infer the existence of the fact sought to be proved." West v. Founders Life Assurance Co.of Florida, 547 So.2d 870, 871 (Ala. 1989).