The plaintiffs, John and Donna McCloud, appeal from a summary judgment in favor of the defendant, the City of Irondale, Alabama.[1]
The McClouds sued Irondale for damages, alleging (1) that Irondale had trespassed on their property, (2) that Irondale had intentionally caused groundwater and sewage to drain onto their property and had failed to correct the problem, and (3) that they were third-party beneficiaries of a "contract" between Irondale and the Jefferson County Community Block Grant Program and that Irondale had breached that contract. The trial court consolidated the McClouds' action with an action brought by Irondale to condemn the McClouds' property.
Irondale initially moved to dismiss the McClouds' claims. After the trial court denied its motion, it filed its answer and then moved for a summary judgment.[2] After *Page 1273 
receiving materials in support of the motion and materials in opposition to it, the trial court entered a summary judgment for Irondale on all of the McClouds' claims.[3]
A summary judgment is proper when "there is no genuine issue as to any material fact and . . . the moving party is entitled to a judgment as a matter of law." Rule 56(c)(3), A.R.Civ.P. To defeat a properly supported motion for summary judgment, the nonmoving party must present substantial evidence to support its claims. Ala. Code 1975, § 12-21-12. To satisfy the "substantial evidence test," the nonmoving party is required to present "evidence of such weight and quality that fair-minded persons in the exercise of impartial judgment can reasonably infer the existence of the fact sought to be proved." West v.Founders Life Assurance Co. of Florida, 547 So.2d 870, 871
(Ala. 1989). When the trial court does not give specific reasons for entering a summary judgment, we will affirm the judgment if there is any ground upon which the judgment could have been based. Yarbrough v. C S Family Credit, Inc.,595 So.2d 880, 881 (Ala. 1992).
After reviewing the summary judgment motion and the materials submitted in support of the motion and those in opposition to it, we conclude that Irondale properly supported its motion and that the McClouds failed to present substantial evidence in support of any of their claims against the City of Irondale. Accordingly, the summary judgment is affirmed.
AFFIRMED.
HORNSBY, C.J., and ALMON, ADAMS and STEAGALL, JJ., concur.
[1] The McClouds filed a "motion to set aside summary judgment" on June 29, 1992. Because they filed their notice of appeal before the motion was ruled on, the motion was withdrawn by operation of law. Rule 4(a), A.R.App.P.; Herring v. Shirah, 542 So.2d 271
(Ala. 1988).
[2] The first paragraph of Irondale's motion for summary judgment appears to be directed only at the second and third counts of the McClouds' complaint. However, the remainder of the motion and the materials submitted in support thereof address all three of the McClouds' claims. Accordingly, the trial court did not err in treating the motion as one for summary judgment on all of the claims.
[3] The condemnation action proceeded to trial and is not at issue in this appeal.