MADDOX, Justice.
This case involves an alleged breach of a collective bargaining agreement between an employer and a union and an alleged breach of the union’s duty to provide fair representation in attempting to resolve its member’s grievance. The issue in this case is whether the claims are governed by the six-year limitations provision of Ala.Code 1975, § 6-2-34, or are they governed by the six-month limitations provision set out in § 10(b) of the National Labor Relations Act, 29 U.S.C. § 160(b). We hold that the employee’s claims are governed by the six-month Federal statute; therefore, we affirm the partial summary judgment.
Leon Kelly was an employee of the defendant Royal Federal Credit Union (“Royal”). He became a member of the Office and Professional Employees International Union, Local 21 (“the Union”), and was the beneficiary of a collective-bargaining agreement entered into between the Union and Royal; that agreement, among other things, governed the discipline of any member of the Union employed by Royal.
On November 16, 1990, Royal suspended Kelly without pay, on the ground that he had had a $2,000 cash drawer shortage. Kelly was terminated in December 1990 by Ronnie Lipham, a Royal employee. Kelly filed a grievance relating to his suspension and termination, and filed this action two years later on December 10, 1992, against Ronnie Lip-ham, Royal, and the Union. He later dismissed the Union as a defendant.
The remaining defendants answered the complaint and later filed a motion for summary judgment. The trial court denied the defendants’ motion as it related to Kelly’s claim against the defendants alleging slander, but granted the defendants’ motion as it related to Kelly’s claims alleging breach of contract. The court made the partial summary judgment final pursuant to the provisions of Rule 54(b), Ala.R.Civ.P. Kelly appealed.
A summary judgment is proper when “there is no genuine issue as to any material fact and ... the moving party is entitled to a judgment as a matter of law.” Rule 56(c)(3), Ala.R.Civ.P. To defeat a properly supported motion for summary judgment, the nonmov-ing party must present substantial evidence to support its claims. Ala.Code 1975, § 12-21-12. To satisfy the “substantial evidence test,” the nonmoving party is required to present “evidence of such weight and quality that fair-minded persons in the exercise of impartial judgment can reasonably infer the existence of the fact sought to be proved.” West v. Founders Life Assurance Co. of Florida, 547 So.2d 870, 871 (Ala.1989).
Kelly argues that no evidence before the trial court warranted the summary judgment; he says the court had before it only a general denial and the defendants’ statement of a statute of limitations defense, citing Swendsen v. Gross, 530 So.2d 764, 767 (Ala.1988). Swendsen does state that “a mere general denial of liability, without more, does not entitle a movant to a judgment as a matter of law.” Kelly’s main argument, however, is directed to the question of whether the six-year State statute of limitations ap *360 plies or whether the six-month Federal statute applies. Although the trial judge did not specify his reason for entering the summary judgment in favor of the defendants on the breach of contract claims, it seems apparent to us, based on Royal’s argument here on appeal, that the trial judge was of the opinion that the six-month statute of limitations provided for in § 10(b) of the National Labor Relations Act, 29 U.S.C. § 160(b), applied.[1]
The facts of this case are strikingly similar to the facts in DelCostello v. International Brotherhood of Teamsters, 462 U.S. 151, 103 S.Ct. 2281, 76 L.Ed.2d 476 (1983). There, an employee sued his employer and his union, claiming that the employer had breached a collective-bargaining agreement and that the union had breached its duty of fair representation. The United States Supreme Court concluded “that § 10(b) [of the National Labor Relations Act] should be the applicable statute of limitations governing the suit, both against the employer and against the union.” 462 U.S. at 155, 103 S.Ct. at 2285.
Kelly’s action against the union arose out of an alleged breach of its agreement to represent and to defend him pursuant to his membership agreement, and his action against his employer arose out of an alleged breach of its collective bargaining agreement. Although Kelly dismissed the union, the two claims are interdependent. The United States Supreme Court has held, “ ‘[t]o prevail against either the company or the Union, ... [employee-plaintiffs] must not only show that their discharge was contrary to the contract but must also carry the burden of demonstrating breach of duty by the Union.’ ” 462 U.S. at 165, 103 S.Ct. at 2291, quoting United Parcel Service, Inc. v. Mitchell, 451 U.S. 56, at 66-67, 101 S.Ct. 1559, at 1566, 67 L.Ed.2d 732 (1981). The Court further held that “[t]he employee may, if he chooses, sue one defendant and not the other, but the case he must prove are the same whether he sues one, the other, or both.” 462 U.S. at 165, 103 S.Ct. at 2291. In this case, Kelly chose to dismiss the union and pursue his employer; however, the case he must prove and the applicable statute of limitations are the same.
In DelCostello, the Supreme Court set out the reason for applying the six-month statute of limitations in cases such as this:
“ ‘Congress established a limitations period attuned to what it viewed as the proper balance between the national interests in stable bargaining relationships and finality of private settlements, and an employee’s interest in setting aside what he views as an unjust settlement under the collective-bargaining system.’ ”
462 U.S. at 171, 103 S.Ct. at 2294, quoting Justice Stewart’s concurrence in United Parcel Service, Inc. v. Mitchell, 451 U.S. 56, at 70-71, 101 S.Ct. 1559, at 1568.
We conclude that DelCostello requires the application of the six-month limitations period provided by § 10(b) of the National Labor Relations Act, 29 U.S.C. § 160(b). We, therefore, affirm the judgment of the trial court.
AFFIRMED.
HORNSBY, C.J., and SHORES, HOUSTON, KENNEDY and INGRAM, JJ., concur.

. This Court has held that when the trial court does not give specific reasons for entering a summary judgment, we will affirm the judgment if there is any ground upon which the judgment could have been based. McCloud v. City of Irondale, 622 So.2d 1272, (Ala.1993), citing Yarbrough v. C & S Family Credit, Inc., 595 So.2d 880, 881 (Ala.1992).