686 So.2d 1110 (1996)
Ex parte Maurine WILLIAMS.
Re Maurine WILLIAMS
v.
THE MONEY TREE, INC.
1950238.
Supreme Court of Alabama.
July 12, 1996.
*1111 Gary D. Hooper of Hooper & Griffis, P.C., Birmingham, for Petitioner.
Charles R. Driggers and G. M. (Jack) Neal, Jr., of Sirote & Purmutt, P.C., Birmingham, for The Money Tree, Inc.
Michael L. Bell and James R. Sturdivant of Lightfoot, Franklin & White, L.L.C., Birmingham, for American Bankers Insurance Company of Florida and American Bankers Life Assurance Company.
Bruce J. McKee of Hare, Wynn, Newell & Newton, Birmingham, for Amicus Curiae Alabama Trial Lawyers Ass'n, in support of Petitioner.
ALMON, Justice.
Maurine Williams petitions this Court for a writ of mandamus directing Judge William H. Robertson of the Barbour County Circuit Court to set aside his order of October 30, 1995, compelling arbitration of the claims presented in Ms. Williams's action against The Money Tree, Inc. Judge Robertson entered that order four days before this Court released its opinion in Allied-Bruce Terminix Companies v. Dobson, 684 So.2d 102 (Ala.1995). As explained in that opinion, if the validity or scope of an arbitration agreement is in issue, the parties are entitled to a trial by jury on those questions. Id. Because Judge Robertson did not have the benefit of the principles set forth in that opinion, we direct that he reconsider his order compelling arbitration, in light of that opinion and this one.
For Judge Robertson's benefit, we make the following observations. Williams's complaint includes an allegation that there was "ineffective assent to the contract including the arbitration clause," because, she says, she cannot read and understand the terms of the contract. The Federal Arbitration Act states that arbitration agreements are "valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2. In support of her allegation that she lacked the capacity to contract, Williams submitted a November 1992 evaluation of her mental health. This evaluation included a detailed account of delusions and hallucinations experienced by Williams and the results of a standardized intelligence test showing her I.Q. to be 52. She also submitted her own affidavit in which she stated that she "cannot read most of the words on any of the papers [the loan documents] and do[es] not understand anything about what they say." In Allied-Bruce Terminix Companies v. Dobson, 513 U.S. 265, 281, 115 S.Ct. 834, 843, 130 L.Ed.2d 753 (1995), the United States Supreme Court said:
"In any event, § 2 gives States a method for protecting consumers against unfair pressure to agree to a contract with an unwanted arbitration provision. States may regulate contracts, including arbitration clauses, under general contract law principles and they may invalidate an arbitration clause `upon such grounds as exist at law or in equity for the revocation of any contract.' 9 U.S.C. § 2 (emphasis added)."
A contract may be avoided because of incapacity if it is shown that "the incapacity was of such a character that, at the time of execution, the person had no reasonable perception or understanding of the nature and terms of the contract." Williamson v. Matthews, 379 So.2d 1245, 1247 (Ala.1980), citing Weaver v. Carothers, 228 Ala. 157, 160, 153 So. 201 (1934), and cited in Lloyd v. Jordan, 544 So.2d 957 (Ala.1989). See Cancanon v. Smith Barney, Harris, Upham & Co., 805 F.2d 998 (11th Cir.1986).
*1112 Therefore, Judge Robertson should reconsider his order compelling arbitration, in light of this opinion and our opinion in Allied-Bruce Terminix, and is directed to make a return to this Court within 42 days indicating his ruling after that reconsideration.
INSTRUCTIONS ISSUED.[*]
SHORES, KENNEDY, INGRAM, COOK, and BUTTS, JJ., concur.
HOOPER, C.J., and HOUSTON, J., concur in the result.
MADDOX, J., dissents.
HOUSTON, Justice (concurring in the result).
In this case, some of the preliminary "arbitrability" issues raised by Maurine Williams include claims of fraud in the inducement and the lack of mental capacity. Who decides these issues?
In First Options of Chicago, Inc. v. Kaplan, 514 U.S. 938, 115 S.Ct. 1920, 131 L.Ed.2d 985 (1995), the United States Supreme Court unanimously held that questions regarding arbitrability are decided by courts, unless the contract very clearly grants to arbitrators the power to decide even preliminary issues of arbitrability. Although Prima Paint Corp. v. Flood & Conklin Mfg. Co., 388 U.S. 395, 87 S.Ct. 1801, 18 L.Ed.2d 1270 (1967), was not specifically overruled or even mentioned in First Options, the reasoning of First Options is dramatically opposed to that of Prima Paint, so Prima Paint and its progeny must give way to First Options. Apparently, the current nine Justices on the United States Supreme Court believe that Justice Hugo Black's dissent in Prima Paint, which concludes with the following sentence, is the correct understanding of the Federal Arbitration Act: "If there has never been any valid contract, then there is not now and never has been anything to arbitrate." 388 U.S. at 425, 87 S.Ct. at 1817. This is consistent with the words of 9 U.S.C. § 2: "A written provision ... to settle by arbitration ... shall be ... enforceable save upon such grounds as exist at law or in equity for the revocation of any contract."
The only reasonable interpretation of First Options and of 9 U.S.C. § 2 is that all issues of arbitrability must first be determined by the court, including the issue whether the contract very clearly grants the arbitrators the power to decide even preliminary issues of arbitrability. 514 U.S. at ___ - ___, 115 S.Ct. at 1923-25.
NOTES
[*] Note from the Reporter of Decisions: On January 7, 1997, the Supreme Court, noting that it had "received a copy of Judge Robertson's order of September 4, 1996, denying defendant's motion to compel arbitration," dismissed the petition for writ of mandamus.