Anderson Brothers Chrysler Plymouth Dodge, Inc. ("Anderson Brothers"), appeals from the trial court's order denying arbitration of claims filed against it by Glarin Hadley. We reverse.
On January 3, 1996, Glarin Hadley purchased from Anderson Brothers, an automobile dealership, a used 1993 Chevrolet Cavalier automobile. As part of the negotiations for the sale of the automobile, Hadley signed an arbitration agreement. On November 6, 1996, Hadley filed a four-count complaint against Anderson Brothers: two counts alleged *Page 896 
fraud; one count alleged negligence; and one count sought a declaratory judgment regarding the arbitration agreement. On December 5, 1996, Anderson Brothers filed a motion to stay proceedings and to compel arbitration of all claims stated in Hadley's complaint. On December 17, 1996, Hadley filed her response opposing Anderson Brothers' motion. Subsequently, Hadley filed a motion to stay arbitration.
On March 5, 1997, the trial court denied Anderson Brothers' motion to stay proceedings and to compel arbitration. In the same order, the trial court granted Hadley's motion to stay arbitration, for the reasons enumerated in Count IV, Paragraph 6(c), of the complaint. On April 3, 1997, Anderson Brothers sought permission to appeal, pursuant to Ala.R.App.P. 5, and we granted that permission.
The arbitration agreement provides:
 "Buyer/lessee acknowledges and agrees that the vehicle purchased or leased herein has traveled in interstate commerce. Buyer/lessee thus acknowledges that the vehicle and other aspects of the sale, lease or financing transaction are involved in, affect, or have a direct impact upon, interstate commerce.
 "Buyer/lessee and dealer agree that all claims, demands, disputes, or controversies of every kind or nature that may arise between them concerning any of the negotiations leading to the sale, lease or financing of the vehicle, terms and provisions of the sale, lease or financing agreement, arrangements for financing, purchase of insurance, purchase of extended warranties or service contracts, the performance or condition of the vehicle, or any other aspects of the vehicle, its sale, lease or financing, shall be settled by binding arbitration conducted pursuant to the provision of 9 U.S.C. Section 1 et seq. and according to the Commercial Rules of the American Arbitration Association. Without limiting the generality of the foregoing, it is the intention of the buyer/lessee and the dealer to resolve by binding arbitration all disputes between them concerning the vehicle, its sale, lease or financing, and its condition, including disputes concerning the terms and conditions of the sale, lease or financing, the condition of the vehicle, any damage to the vehicle, the terms and meaning of any of the documents signed or given in connection with the sale, lease or financing, any representations, promises or omissions made in connection with negotiations for the sale, lease or financing of the vehicle, or any terms, conditions, or representations made in connection with the financing, credit life insurance, disability insurance, and vehicle extended warranty or service contract purchased or obtained in connection with the vehicle.
 "Either party may demand arbitration by filing with the American Arbitration Association a written demand for arbitration along with a statement of the matter in controversy. A copy of the demand for arbitration shall simultaneously be served upon the other party. The buyer/lessee and the dealer agree that the arbitration proceedings to resolve all such disputes shall be conducted in the city where dealer's facility is located.
Exhibit
(Emphasis added.)
The primary issue before this Court is whether the fact that the name "Anderson Bros CPD" appears on the signature line on the arbitration agreement, but appears there without the signature of a designated agent of Anderson Brothers, renders the arbitration agreement unenforceable. Specifically, Hadley argued that the arbitration agreement is void and unenforceable; the trial court agreed, stating the following in its order of March 5, 1997: *Page 897 
 "[T]he agreement appears to be unilateral in nature, in that only the Plaintiff executed it, whereas the corporate Defendant did not execute the agreement and therefore, if the Plaintiff were to attempt to enforce the alleged contract against the Defendant, the Defendant would have a legal basis for not complying with the arbitration agreement because it did not execute it agreeing to be legally bound by it."
Hadley asserts that the Federal Arbitration Act ("FAA"), 9 U.S.C. § 1-16 provides that arbitration agreements are judicially enforceable, except upon such grounds as exist at law or equity for the revocation of any contract 9 U.S.C. § 2
(1994); Ex parte Williams, 686 So.2d 1110 (Ala. 1996). However, Anderson Brothers asserts that Hadley's claim that the arbitration agreement is void and unenforceable is without merit; it contends that the agreement is within the scope of agreements encompassed by the FAA. Therefore, Anderson Brothers argues, Hadley should be compelled to arbitrate any and all claims, demands, disputes, and controversies between Hadley and Anderson Brothers, including the issue Hadley has raised in this Court.
 I.
We first determine whether the trial court properly found the arbitration agreement to be unilateral in nature and unenforceable. The question is whether Anderson Brothers would be bound by the arbitration agreement, given that it was not signed by a designated agent of Anderson Brothers and that the language contained in the body of the agreement refers to it as the "dealer," whereas, the signature line identifies it as the "seller(s)/lessee(s)."
The law in this State is well settled that if a written agreement is ambiguous, then parol evidence is admissible to clarify its terms. Whether a writing is ambiguous is a question of law for the court. Medical Clinic Board v. Smelley,408 So.2d 1203, 1206 (Ala. 1981)
The name "Anderson Bros CPD" appears on the line that is designated for the name of the "seller(s)/lessor(s)." Hadley contends that the absence of a signature by a designated agent renders the "signature" — "Anderson Bros CPD" — invalid, so that the dealership is not bound to the arbitration agreement. In addition, the plaintiff Hadley says that the arbitration clause is not enforceable because the signature line is designated by the words "seller(s)/lessor(s)," whereas the body of the arbitration agreement refers to an agreement between the "buyer/lessee" and the "dealer." For the reasons expressed below, we conclude that the wording of the agreement and that of the signature line create no ambiguity and, thus, that the contract is not unilateral in nature; that is, we conclude that the arbitration agreement is binding on Anderson Brothers.
In Professional Business Systems, Inc. v. Kaufman,507 So.2d 421 (Ala. 1987), where there was no indication of the capacity in which A.F. Austin signed his name to the contract, this Court held that the initials "AFA," appearing in the body of the contract, clearly referred to a company — A.F. Austin Associates — and not to the signee A.F. Austin, individually, as the plaintiff's contended. The Court reasoned, considering the entire contract, that the initials "AFA" refer to the company, which, besides the plaintiffs Kaufman, was the only other contracting party, as indicated by the introductory paragraph of the contract. The problem caused by the lack of adequate titles on the signature line inProfessional Business Systems is very similar to the problem caused by the absence of a title on the signature line at issue in this case. It is undisputed that no other legal entity is designated on the signature line, and no one contends that "Anderson Bros CPD" is not one and the same as the defendant Anderson Brothers Chrysler Plymouth Dodge, Inc.
According to the signature line on the arbitration agreement, "Anderson Bros CPD" is the "seller/lessor." The language in the body of the agreement describes the transaction as being between the "buyer/lessee" and a "dealer," and it refers to no other party. Therefore, we conclude that the signature "Anderson Bros CPD" is not ambiguous and does not make the arbitration agreement a unilateral agreement on the part of *Page 898 
the plaintiff Hadley. That "signature" could refer only to Anderson Brothers. Anderson Brothers is the only legal entity contracting with Hadley, as shown by paragraphs two and three of the arbitration agreement.
 II.
Having determined that the arbitration agreement is not unilateral in nature, we now consider whether the trial court correctly denied Anderson Brothers' motion to stay proceedings and to compel arbitration.
Hadley argues that the trial court properly denied Anderson Brothers' motion to stay proceedings and to compel arbitration, and properly granted her motion to stay arbitration. She argues that the arbitration agreement is void and cannot be enforced against her. Hadley contends that the trial court's ruling was a finding in her favor on all of her claims, including the claim that she lacked the capacity to understand the arbitration document; that there was a lack of consideration for the agreement; and that the agreement lacked mutuality because, she contends, only one party signed it. Hadley also argues that if the ruling of the trial court was correct for any reason, even a reason not specified, then it is due to be affirmed. Marvin's, Inc. v. Robertson, 608 So.2d 391,393 (Ala. 1992); Yarbrough v. C S Family Credit,Inc., 595 So.2d 880, 881 (Ala. 1992).
Anderson Brothers argues that the only claim of the plaintiff ruled on by the trial court was the claim stated in Count IV, Paragraph 6(c), of the plaintiffs complaint — that the arbitration agreement was not "signed" by Anderson Brothers and thus was "unilateral" and unenforceable. We agree with Anderson Brothers that the trial judge expressly stated that this was his reason for granting Hadley's motion to stay arbitration and that the record contains no evidence to support the order on any other ground. Consequently, this is the ruling from which Anderson Brothers appeals.
The order denying arbitration, based upon Count IV, Paragraph 6(c), is reversed.
REVERSED AND REMANDED.
HOOPER, C.J., and SHORES, HOUSTON, KENNEDY, and LYONS, JJ., concur.
MADDOX and SEE, JJ., concur in the result.