This case concerns whether a signatory to a guaranty contract is liable in his individual capacity. When the creditor sued to collect on the guaranty from the signatory in his individual capacity, the trial court granted the signatory's motion to dismiss. Because the contract as a whole is ambiguous as to whether the parties intended the signatory to be liable in his individual capacity, we reverse and remand.
 I.
From the record, the facts appear as follows: Sum Big Stores, Inc., was indebted to Marriott International, Inc. ("Marriott"). Marriott had Gregory deCelle, the president of Sum Big Stores, sign a continuing guaranty of the debt of Sum Big Stores. The first page of the guaranty agreement reads in pertinent part:
 "The undersigned, an individual having an address at 3154 Bienville Blvd., Ocean Springs, MS 39564 (`the undersigned'), for value received does hereby unconditionally guarantee to you full and prompt payment at maturity, including any accelerated maturity, of any and all liabilities owed to you [Marriott] by Sum Big Stores."
(Emphasis added.) The second page of the guaranty agreement reads in pertinent part:
"The undersigned shall not have any right of subrogation, reimbursement or indemnity whatsoever no right of recourse to or with respect to any assets or property of Sum Big Stores, nor to any collateral or debts and obligations of Sum Big Stores to you unless and until said debts and obligations and indebtedness with interest shall have been paid in full.
 ". . . .
 "SIGNED __________________
 Gregory deCelle" [typewritten]
Mr. deCelle signed the signature block as follows:
 "SIGNED Gregory T. deCelle/s/ Gregory deCelle as Pres. Sum Big Stores, Inc. [Added `as Pres. Sum Big Stores, Inc.']"
After an apparent default, Marriott sued Mr. deCelle, in his individual capacity, on the guaranty contract for $52,217.11 owed by Sum Big Stores, Inc. Marriott attached to its complaint the second page of the two-page guaranty agreement signed by Mr. deCelle. Mr. deCelle moved to dismiss the action against him in his individual capacity. Before the trial court ruled on Mr. deCelle's motion to dismiss, Marriott submitted to the trial court a memorandum of law opposing Mr. deCelle's motion to dismiss and including the first page of the guaranty agreement.[1] The trial court then granted Mr. deCelle's motion to dismiss, with leave for Marriott to amend its complaint. Instead of amending *Page 762 
the complaint, Marriott filed a motion to alter, amend, or vacate the judgment of dismissal. The trial court denied the motion.
 II.
On appeal, Marriott argues that the trial court erred in dismissing its complaint. Mr. deCelle responds by arguing that the trial court correctly dismissed the complaint because he signed the guaranty agreement in his representative capacity and therefore could not be personally liable for the debt owed to Marriott.[2]
A trial court should grant a motion to dismiss only when the allegations of the complaint itself clearly demonstrate that the plaintiff does not have a claim. Carter v. CalhounCounty Bd. of Educ., 345 So.2d 1351, 1353 (Ala. 1977). A motion to dismiss should be granted only if it appears that the plaintiff can prove no set of facts in support of his claims entitling him to relief. Smith v. Potts, 293 Ala. 419,424, 304 So.2d 578, 582 (1974).
The complaint alleges that Mr. deCelle is individually liable for the debt to Marriott. Although the guaranty agreement shows that Mr. deCelle signed in his representative capacity as president of Sum Big Stores, Inc., the body of the guaranty contract, provided by Marriott in its memorandum of law opposing the motion to dismiss, states that the undersigned "individual" guarantees the debts of Sum Big Stores, Inc. SeeCue Fashions, Inc. v. LJS Distribution, Inc.,807 F.Supp. 334, 336 (S.D.N.Y. 1992) (considering an insurance contract as the basis for the defendant's motion for judgment on the pleadings, even though the contract was not attached to the complaint but was supplied in the plaintiff's opposition papers) (citing Goldman v. Belden, 754 F.2d 1059,1065-66 (2d Cir. 1985), and I. Meyer Pincus Assocs.v. Oppenheimer Co., 936 F.2d 759, 762 (2d Cir. 1991)).
The general rule of contract law provides that if a written contract exists, the rights of the parties are controlled by that contract and parol evidence is not admissible to contradict, vary, add to, or subtract from its terms. Clarkv. Albertville Nursing Home, Inc., 545 So.2d 9, 11
(Ala. 1989). However, if the contract is ambiguous, parol or extrinsic evidence will be allowed to clarify the contract.Cummings v. Hill, 518 So.2d 1246, 1247 (Ala. 1987). In determining whether a contract is ambiguous as to the capacity in which a party signed it, this Court looks to the consistency between the body of the contract and the signature block. For example, in Professional Business Systems, Inc. v.Kaufman, 507 So.2d 421 (Ala. 1987), this Court addressed whether a person signing a contract for the payment of a debt signed in his individual capacity or in his representative capacity. The body of the contract stated that the debtor was a corporation, and the signature block indicated that the person signed as an officer of the corporation. Id. at 422. This Court held that, taken as a whole, the contract consistently stated that the person was signing in his representative capacity. Id. Thus, the contract was not ambiguous, and the signatory was not liable in his individual capacity. Id.
In Lutz v. Van Heynigen Brokerage Co., 199 Ala. 620,628-29, 75 So. 284, 287-88, this Court addressed whether a person had signed a contract for the charter of a schooner in his individual capacity or in his representative capacity. The body of the contract indicated that he had signed as a representative, but the signature block indicated that he had signed as an individual. Id. This Court held that, taken as a whole, the contract was *Page 763 
inconsistent as to the whether the person had private nuisance, and § signed in his individual capacity or in his representative capacity. Id. Thus, the contract was ambiguous, and parol evidence was admissible to determine the intent of the parties. Id.
In this case, the body of the guaranty contract indicates that Mr. deCelle, in his individual capacity, guaranteed the debt of Sum Big Stores, but the signature block indicates that Mr. deCelle, in his representative capacity, signed for Sum Big Stores. Taken, as a whole, the guaranty contract is inconsistent as to the whether Mr. deCelle signed in his representative capacity. Thus, the contract is ambiguous as to whether the parties intended Mr. deCelle to guarantee the debt in his individual capacity. See Lutz,199 Ala. at 628-29, 75 So. at 287-88.
We do not think the allegations of the complaint clearly demonstrate that Marriott can prove no set of facts under which Mr. deCelle would be liable on the guaranty contract. Accordingly, we reverse the trial court's judgment dismissing the action and remand this case for further proceedings not inconsistent with this opinion.
REVERSED AND REMANDED.
HOOPER, C.J., and MADDOX, SHORES, HOUSTON, COOK, and LYONS, JJ., concur.
KENNEDY, J., concurs in the result.
[1] Mr. deCelle does not dispute that the document was in fact the first page of the guaranty agree-submitted with Marriott's memorandum of law ment that he signed.
[2] We note that as a continuing guaranty that is not payable at a definite time, the guaranty in this case is not a negotiable instrument and is thus not governed by the signature provision of Ala. Code 1975, § 7-3-402. See Ala. Code 1975, § 7-3-102(a) ("This article [Article 3] applies to negotiable instruments."); § 7-3-104(a) (defining a "negotiable instrument" as an unconditional promise to pay a fixed amount, payable to bearer or to order, on demand or at a definite time, and not stating any other undertaking or instruction by the person promising to pay); see, e.g.,Woods-Tucker Leasing Corp. v. Kellum, 641 F.2d 210,216 fn. 9 (5th Cir. 1981) (stating that the Uniform Commercial Code was not applicable to a continuing guaranty); LibertyBank v. Shimokawa, 2 Haw.App. 280, 282-83, 632 P.2d 289,291-92 (1981) (stating that a continuing guaranty is not a negotiable instrument); Gregoire v. Lowndes Bank,176 W.Va. 296, 342 S.E.2d 264 (1986) (same).