756 So.2d 1085 (2000)
DODGE OF WINTER PARK, INC., et al., Appellants,
v.
Bradley S. MORLEY, et al., Appellees.
No. 5D99-2436.
District Court of Appeal of Florida, Fifth District.
April 28, 2000.
Kenneth S. Gluckman of Greenberg Traurig, P.A., Orlando, for Appellants.
No Appearance for Appellees.
COBB, J.
The sole issue presented on this appeal is whether an arbitration agreement can be enforced against a party who signed the agreement, where the other party has neglected to sign but is otherwise attempting to enforce it. The buyers, Bradley and Karen Morley, brought an action against Dodge of Winter Park, Inc. and its surety, Continental Casualty Company. The buyers apparently were not satisfied with an automobile they received from the dealer and asked to rescind the contract.
Dodge and Continental filed a motion for an order compelling arbitration based on an agreement executed by the Morleys. The agreement clearly shows that the dealer neglected to sign in the lower lefthand corner even though on all other relevant documents associated with the sale and purchase, the dealer did in fact sign. The Morleys signed the arbitration agreement in the lower right-hand corner. In addition, the Buyers' Order states that the sale of the vehicle in question was expressly conditioned upon "customer's execution of the dispute resolution agreement." Dodge contends that the Morleys entered into a valid written agreement calling for arbitration and there has been no conduct by Dodge that would indicate a waiver of the right to compel arbitration.
Generally, it is enough that the party against whom the contract is sought *1086 to be enforced signs it. Rohlfing v. Tomorrow Realty & Auction Co., Inc., 528 So.2d 463, 465 (Fla. 5th DCA 1988); Hunter v. Tartan Constr. Co., 522 So.2d 77 (Fla. 4th DCA 1988). Additionally, when a group of simultaneously executed documents are signed in conjunction with a non-signed document, all the documents should be construed as a whole since documents executed as part of a single transaction and concerning the same subject matter must be viewed together. Southfork Investments Group, Inc. v. Williams, 706 So.2d 75, 80 (Fla. 2d DCA 1998); Federated Title Insurers, Inc. v. Ward, 538 So.2d 890 (Fla. 4th DCA 1989). See also Quality Truck and Auto Sales, Inc. v. Yassine, 730 So.2d 1164, 1168-1169 (Ala.1999); Anderson Bros. Chrysler, Plymouth, Dodge, Inc. v. Hadley, 720 So.2d 895 (Ala.1998)(arbitration agreement was not unilateral on part of car buyer and dealership would also be bound by it although signature line designating dealership as seller was not signed by designated agent).
Accordingly, the order of the trial court denying Dodge's motion to compel arbitration is reversed and the cause remanded for entry of an order granting the motion.
REVERSED AND REMANDED.
HARRIS, J., concurs.
DAUKSCH, J., dissents, without opinion.