DENNIS, Circuit Judge,
concurring:
I concur in the judgment of the majority opinion. I write separately to note the district court’s finding, which the parties apparently do not dispute, that Mr. Brown “has been profoundly retarded since birth.” The district court also found that the loan agency “required him to sign the loan agreement containing the arbitration clause by printing his name on a piece of paper and having him copy it on the appropriate line.” Under Mississippi law, contracts entered into by incompetent persons are voidable. See Williams v. Wilson, 335 So.2d 110, 112 (Miss.1976) (stating that a contract made by an incompetent “may be avoided on the ground of insanity”). Similarly, when a party contracting with an incompetent has knowledge of the incompetent’s condition, the contract “will be *473 rescinded.” Id. at 112-13 (emphasis added).
Against this backdrop, I note the grounds on which this Court will vacate a decision of an arbitrator: (1) the award is contrary to public policy, (2) the award is arbitrary and capricious, (3) the award fails to draw its essence from the underlying contract, and (4) the award is in manifest disregard of the law. See Williams v. Cigna Fin. Advisors Inc., 197 F.3d 752, 758, 761-62 (5th Cir.1999). Hence, if the facts are as they appear to be on the record before us, I can conceive of no way in which the contract underlying this action could be enforced against the profoundly retarded and incompetent Mr. Brown.
Finally, with regard to the broad statement that “unless a defense relates specifically to the arbitration agreement, it must be submitted to the arbitrator as part of the underlying dispute” and the related footnote two, I note that this circuit has not considered the authority of other circuits applying the Prima Paint rule to the distinction between voidable contracts and those contracts deemed not to have existed. We have decided that the question of whether a contract as a whole was illegal must be submitted to arbitration. See Lawrence v. Comprehensive Bus. Servs. Co., 833 F.2d 1159 (5th Cir.1987); Mesa Operating Ltd. P’ship v. Louisiana Intrastate Gas Corp., 797 F.2d 238 (5th Cir.1986). But we have not yet thoroughly analyzed or squarely decided whether challenges going to the very existence of a contract must be submitted to arbitration. Other circuits have split on this question. See, e.g., Three Valleys Mun. Water Dist. v. E.F. Hutton & Co., 925 F.2d 1136 (9th Cir.1991) (no); I.S. Joseph Co. v. Michigan Sugar Co., 803 F.2d 396 (8th Cir.1986) (no); Cancanon v. Smith Barney, Harris, Upham & Co., 805 F.2d 998 (11th Cir.1986) (no); Unionmutual Stock Life Ins. Co. v. Beneficial Life Ins. Co., 774 F.2d 524 (1st Cir.1985) (yes); Par-Knit Mills, Inc. v. Stockbridge Fabrics Co., 636 F.2d 51 (3d Cir.1980) (no). Because it is not necessary for us to reach that question here, the majority opinion’s statements thereon are dicta, in which I do not join.