**ROYAL INSURANCE COMPANY OF AMERICA and Yale M. Samole, Plaintiffs,**

v.

**BHRS, LLC, f/k/a BHRS, Inc., d/b/a Sea Tow Miami Defendant.**

No. 03–20554–CIV.

United States District Court, S.D. Florida.

April 6, 2004.

John David Kallen, North Miami Beach, FL, for Royal Insurance Company of America, Yale M. Samole, plaintiffs.

Michael John McHale, Jensen Beach, FL, for BHRS, LLC dba Sea Tow Miami aka BHRS, Inc., defendant.

### ORDER

TURNOFF, United States Magistrate Judge.

This matter is before the Court on Defendant's Motion for Summary Judgment. (D.E.14.) A hearing on the Motion was held on August 21, 2003. (D.E.31.) For the reasons stated below, Defendant's Motion for Summary Judgment is GRANTED.

### BACKGROUND

Plaintiff Yale M. Samole ("Dr.Samole") owns a vessel named "Big Daddy". The vessel has at all relevant times been insured by Plaintiff Royal Insurance Company of America ("Royal Insurance"). On August 31, 2002, Dr. Samole's son was operating the Big Daddy when the vessel ran aground in Miami Beach, Florida and started taking on water. Consequently, Big Daddy issued a distress call. Defendant BHRS, LLC d/b/a Sea Tow ("Defendant" or "Sea Tow") responded to the scene and successfully patched, de-watered, and towed the Big Daddy to a marina-repair facility on the Miami River.

Dr. Samole, who was not on board the vessel at the time of the incident, later arrived at the marina repair facility. Upon arrival, an employee of Sea Tow presented a document to Dr. Samole and asked for his signature. In turn, Dr. Samole asked if he owed any money for the salvage services. Defendant's representative responded as follows: "No, don't worry, the insurance company will pay." (D.E. 1, Complaint. Dr. Samole's Affidavit.) Based on this statement, Dr. Samole presumed that the document he signed was nothing more than his acknowledgment of ownership of the vessel. (D.E. 1, Complaint. Dr. Samole's Affidavit.) Dr. Samole did not read the document and proceeded to sign it.

The document signed by Dr. Samole was a "no cure no pay" agreement ("Agreement") which included an arbitration clause. The agreement provided, in part, that Defendant would be compensated for its salvage efforts pursuant to the provisions of Articles 13 and 14 of the 1989 International Convention on Salvage. Additionally, the Agreement provided that should there be any dispute as to the amount to be paid to Sea Tow, the parties would be referred to arbitration. Finally,

the Agreement provided that any awards may include attorney's fees and costs.

On September 24, 2002, Sea Tow sent a written "invoice" to Royal Insurance seeking to be paid $64,500.00 for the salvage services rendered. Royal Insurance disputed the reasonableness of this "invoice". Consequently, Sea Tow demanded arbitration consistent with the terms and conditions of the Agreement.

Once the arbitration demand was made, the parties had fifteen days to select an arbitrator. However, Royal Insurance refused to accept the demand for arbitration and took no action to select an arbitrator. Defendant proceeded to timely name the arbitrator for this dispute, who then took over the arbitration. Plaintiffs did not contest the selection of this arbitrator.

The arbitration proceedings began on November 24, 2002. The parties were instructed to submit their position on or before December 23, 2002. Royal Insurance and Dr. Samole initially refused to participate in the process. However, as the arbitrator advised that the proceedings would continue with or without Royal Insurance and/or Dr. Samole's participation, Plaintiffs finally submitted a response without waiver of their right to contest the Agreement. During the arbitration proceedings, Plaintiffs asserted as their defense that the Agreement was not enforceable since Dr. Samole had been fraudulently induced into entering the Agreement. On February 20, 2003, the arbitrator issued his written Final Award in favor of Defendant and ordering Royal Insurance and Dr. Samole to pay Defendant $64,454.59 for services rendered and for attorney's fees and costs.

On March 11, 2003, Royal Insurance and Dr. Samole filed the instant action seeking declaratory relief. Specifically, Plaintiffs requested that this Court declare the Agreement, the Arbitration clause contained therein and the Arbitration Award not enforceable. Plaintiffs' complaint was based on the same argument that was raised during the arbitration proceedings. In turn, Defendant filed a Counter–Claim seeking the Court's confirmation of the Arbitration Award pursuant to the Federal Arbitration Act, 9 U.S.C. § 9 and pursuant to the Agreement at issue in this action.[1]

Additionally, Defendant filed the instant Motion for Summary Judgement. Therein, Defendant argued the Agreement is enforceable and that the Arbitration Award should be confirmed. Defendants

1. Section 9 states in pertinent part:

> If the parties in their agreement agreed that a judgment of the court shall be entered upon the award made pursuant to the arbitration, and shall specify the court, then at any time within one year after the award is made any party to the arbitration may apply to the court so specified for an order confirming the award, and thereupon the court must grant such an order unless the award is vacated, modified or corrected as prescribed in Sections 10 and 11 of this title. If no court is specified in the agreement of the parties, then such application may be made to the United States court in and for the district within which such award was made. 9 U.S.C. § 9.

Section 10, states that the Court may vacate an award if (1) the award was procured by corruption, fraud, or undue means; (2) there is evidence of the arbitrator's partiality or corruption; (3) the arbitrator was guilty of misconduct; (4) the arbitrator exceeded his powers. 9 U.S.C. § 10. Section 11 allows modification or correction of the award, if there is evidence of material miscalculation or mistake and/or where the arbitrator made an award based on matters not affecting the merits of the dispute. 9 U.S.C. § 11.

Additionally, Defendants rely on the terms of the Agreement to support their Counterclaim. The Agreement provides that "any award made hereunder may include attorney's fees and costs and shall be final and binding. For the purpose of the enforcement, the award may be entered for judgment in any court of competent jurisdiction." (Complaint, Exhibit 1.)

also requested an award for attorney's fees and costs relating to this action.

A hearing on Defendant's Motion was held on August 21, 2003. At that time, counsel for Plaintiffs represented that their sole defense to the Arbitration Award was based on the allegation that Dr. Samole was fraudulently induced into entering the Agreement. However, Plaintiffs' counsel admitted that at no time did Defendant make any statements directly addressing the nature of the document being offered for signature or the terms contained therein. Rather, Dr. Samole concluded on his own that the document was a simple acknowledgment of ownership. Upon further questioning by the Court, counsel for the parties agreed that the statement "don't worry, your insurance will pay" was ultimately correct since payment of the award would be made by the insurance company and not by Dr. Samole.

### SUMMARY JUDGMENT STANDARD

Rule 56(c) of the Federal Rules of Civil Procedure authorizes entry of summary judgment where the pleadings and supporting materials demonstrate there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. *See Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 247–48, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). An issue of fact is "material" if it is a legal element of a claim under the applicable substantive law and is one that might affect the outcome of the suit under the governing law. *Id.* at 248, 106 S.Ct. 2505. A material fact is "genuine" if "the record taken as a whole could lead a rational trier of fact to find for the non-moving party." *Id.* at 261 n. 2, 106 S.Ct. 2505 (citations omitted).

In reviewing a motion for summary judgment, the Court focuses on "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Allen v. Tyson Foods, Inc.,* 121 F.3d 642, 646 (11th Cir.1997) (*quoting Anderson, supra* ). The non-moving party's failure to prove an element essential to that party's case, and on which that party will bear the burden of proof at trial, is fatal, warranting summary judgment for the movant. *See Celotex,* 477 U.S. at 323, 106 S.Ct. 2548. "In such a situation, there can be 'no genuine issue as to any material fact,' since a complete failure of proof concerning an essential element of the non-moving party's case necessarily renders all other facts immaterial." *Id.; see also Fitzpatrick v. City of Atlanta,* 2 F.3d 1112, 1116–17 (11th Cir.1993). Ultimately, "[w]here the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial." *Allen,* 121 F.3d at 646 (citations omitted).

### ANALYSIS

The issue before the Court is whether Dr. Samole was fraudulently induced into signing the Agreement and, as such, whether the Agreement, the Arbitration Clause contained therein, and the Arbitration Award issued thereafter are valid and enforceable.

In its Summary Judgment Motion, Defendant makes the argument that when there is an arbitration clause in a signed contract, the parties have at least presumptively agreed to arbitrate any disputes, including those disputes about the validity of the contract in general. *Prima Paint Corp. v. Flood & Conklin Manufacturing Co.,* 388 U.S. 395, 87 S.Ct. 1801, 18 L.Ed.2d 1270 (1967). Defendant takes the position that under *Prima Paint,* Plaintiffs' claim regarding the validity of the Agreement has already been addressed by the arbitrator. Moreover, Defendant argues that under *Prima Paint,* the arbitra-

tor's findings are binding and not subject to review by this Court. *Prima Paint* 388 U.S. 395, 407–04, 87 S.Ct. 1801 (a claim of fraudulent inducement of the contract is a matter to be resolved by the arbitrator). As such, Defendant contends it is entitled to a judgment in its favor regarding the enforceability of the Agreement and to a judgment confirming the Arbitration Award.

Plaintiffs, on the other hand, argue that *Prima Paint* is not applicable to the case at hand. Plaintiffs attempt to carve out a distinction to the case cited above by arguing that, unlike the plaintiffs in *Prima Paint,* Dr. Samole never intended to enter into a contract.[2] Plaintiffs contend that this distinction is significant as the Eleventh Circuit Court of Appeals has held that if there is no agreement at all or if a party argues a claim of fraud in the factum, i.e., ineffective assent to the contract, that claim is subject to adjudication by the courts. *Cancanon v. Smith Barney, Harris, Upham & Co.,* 805 F.2d 998, 1000 (11th Cir.1986). Thus, Plaintiffs argue this Court has the jurisdiction to determine whether there is an agreement at all.

 Notwithstanding Plaintiffs' allegations, "a party cannot place the making of the arbitration agreement in issue simply by opining that no agreement exists." *Chastain v. Robinson–Humphrey Company, Inc.,* 957 F.2d 851, 855 (11th Cir.1992). There must also be a showing by substantial evidence that the contract never existed at all. *Id.* A party must show that there has been a misrepresentation of the character or essential terms of the contract, making assent to the contract impossible. *Cancanon,* 805 F.2d at 1000. Here, Plaintiffs offer as evidence the mere fact that Dr. Samole was told that he did not have to pay anything since the insurance

company would pay for the salvage services. Such evidence does not constitute substantial evidence of fraud in the factum by any stretch of the imagination.

The Court notes that had Dr. Samole simply taken the time to even quickly read the document before signing it, he would have easily been able to ascertain the nature of the document as well as the terms and conditions described therein regarding payment for the rendered salvage services. "It will not do for a man to enter into a contract, and when called upon to respond to his obligations, to say that he did not read it when he signed it, or did not know what it contained. If this were permitted, contracts would not be worth the paper on which they are written." *Upton v. Tribikcok,* 91 U.S. 45, 1 Otto 45, 23 L.Ed. 203 (1875). Failure to read even the fine print of a contract will not save a party from his carelessness. *The Stewart Organization, Inc. v. Ricoh Corporation,* 779 F.2d 643 (11th Cir.1986).

## CONCLUSION

Based on the foregoing, Defendant's Motion for Summary Judgement is GRANTED. The undersigned finds that the Agreement at issue is enforceable and the Court confirms the Arbitration Award in the amount of $64,454.59. However, Defendant's request for attorney's fees and costs relating to this action, and for prejudgment interest is DENIED WITHOUT PREJUDICE. The Court shall not address Defendant's request for attorney's fees and costs at this time as the pleadings fail to fully address the matter so as to allow a proper and fair determination. The parties may resubmit motions ad-

---

**2.** Although the other Plaintiff, Royal Insurance, did not sign the Agreement, Plaintiffs have failed to raise this issue as part of their argument here. Therefore, the Court has not factored this issue into its analysis.

dressing this issue with the appropriate authorities and documentation.