Nissei Sangyo America, Ltd. ("Nissei"), filed this declaratory judgment action in the Circuit Court of Madison County against Camaro Trading Company, Ltd. ("Camaro"), seeking a declaration that a contract entered into by Nissei and Camaro was void. In its complaint, Nissei alleged that the contract was executed in Alabama and was to be performed in Alabama and that Camaro was a foreign corporation that had not qualified to do business in Alabama. Camaro filed a motion to compel arbitration pursuant to an arbitration clause in the contract that is the subject of the declaratory action. The trial court denied this motion. Camaro appeals as a matter of right from the denial of that motion. A.G. Edwards Sons, Inc. v. Clark,558 So.2d 358, 360 (Ala. 1990). We affirm.
No Alabama case has been cited in the briefs, and our independent research has not revealed any Alabama case addressing the issue of whether the court or the arbitrator determines the validity of a contract that contains a provision requiring that "[a]ny controversy or claim arising out of or relating to [the agreement], the breach thereof or the applicability of [the] arbitration provision" be submitted to arbitration.
The issue presented to us is substantially identical to the issue presented to Judge Marvin H. Shoob, United States District Court, Northern District of Georgia, in A.J. *Page 1275 Taft Coal Co. v. S H Contractors, Inc., [Ms. 1-88-CV-436-MHS, October 5, 1988] ___ F. Supp. ___ (N.D.Ga. 1988), aff'd on other grounds, 906 F.2d 1507 (11th Cir. 1990), cert. denied, ___ U.S. ___, 111 S.Ct. 677, 112 L.Ed.2d 669 (1991), where the coal company sought to void an Alabama contract that contained an arbitration clause on the same ground that Nissei seeks to void the contract at issue here. Judge Shoob, in his well-reasoned opinion, wrote:
 "The unenforceability of the contract extends to the contract's arbitration clause, so there exists no enforceable agreement between the parties to arbitrate disputes. '[T]he question of arbitrability is an issue for judicial determination. . . .' Roadway Express, Inc. v. Teamsters Local 515, 642 F. Supp. 116, 118
(N.D.Ga. 1986) (citations omitted). In any case, 'arbitration is a matter of contract and a party cannot be required to submit to arbitration any dispute which he has not agreed so to submit.' United Steelworkers of America v. Warrior and Gulf Navigation Co., 363 U.S. 574, 582 [80 S.Ct. 1347, 1353, 4 L.Ed.2d 1409] (1960). Clearly, if a party cannot be forced to arbitrate if the contract does not contain a valid arbitration clause, then a party cannot be forced to arbitrate if the contract containing the arbitration clause, which gives the arbitration clause viability, is found to be void."
We agree with Judge Shoob.
 "Once parties agree to settle a controversy by arbitration, their agreement is valid, irrevocable, and enforceable except on such grounds as exist at law for the revocation of a contract."
6 C.J.S. 184 Arbitration § 14 (1975). (Emphasis added.)
 "The question of the validity of the basic contract is essentially a judicial question. . . ."
5 Am.Jur.2d 531 Arbitration and Award § 15 (1962). We agree with these legal encyclopedias.
In Finsilver, Still Moss v. Goldberg, Maas Co., 253 N.Y. 382,171 N.E. 579, 581, 69 A.L.R. 809, 813 (1930), Chief Judge Cardozo wrote:
 "Arbitration presupposes the existence of a contract to arbitrate. If a party to a controversy denies the existence of the contract and with it the jurisdiction of the irregular tribunal, the regular courts of justice must be open to him at some stage for the determination of the issue. The right to such a determination, . . . is assured by the Constitution as part of its assurance of due process of law."
We agree with Chief Judge Cardozo. If in truth there is no contract at all (the absence of a valid contract that provides for arbitration), it would be a violation of Alabama Constitution 1901, Article I, § 13, to deny Nissei access to the courts of Alabama:
 "That the great, general, and essential principles of liberty and free government may be recognized and established, we declare:
". . . .
 "13. That all courts shall be open; and that every person, for any injury done him, in his lands, goods, person, or reputation, shall have a remedy by due process of law. . . ."
The trial court did not err in denying Camaro's motion to compel arbitration. The judgment of the trial court is affirmed.
Nissei cross-appealed the trial court's denial of its motion for summary judgment. This is an interlocutory order and there was no statement of the trial judge pursuant to Rule 5(a), A.R.App.P., which is essential for us to grant permission to appeal an interlocutory order. The cross-appeal is dismissed.
1900124, AFFIRMED.
1900254, CROSS-APPEAL DISMISSED.
HORNSBY, C.J., and MADDOX, SHORES and KENNEDY, JJ., concur. *Page 1276