For the second time, the trial court denied the motion of American Bankers Life *Page 1083 
Assurance Company of Florida ("American Bankers") to compel arbitration in a controversy with Rice Acceptance Company, Inc. ("Rice"). That controversy arises out of Geraldine Whiting's litigation against American Bankers and Rice. See American Bankers Life Assurance Co. v. Rice Acceptance Co.,709 So.2d 1188 (Ala. 1998) ("American Bankers I"), for the judicial history of the first denial of a motion to compel arbitration. American Bankers appeals. We affirm.
On February 24, 1986, American Bankers and Rice entered into a "Service Expense Reimbursement Agreement," which contained the following provision:
 "9. In the event of any dispute or disagreement between the parties as to the meaning or interpretation of this Agreement, or any portion thereof, which cannot be resolved by mutual agreement between the parties within thirty (30) days after such dispute or disagreement arises, then and in such event, and at the option of either party, the matter in dispute or disagreement may be put to arbitration in accordance with the rules of the American Arbitration Association, and subject to applicable provisions of the statutes of the state in which the Customer is domiciled dealing with arbitration. The parties agree to be bound by the results of such arbitration. The arbitration proceedings shall take place in Miami, Florida, unless another location is mutually agreed to by the parties."
In American Bankers I, this Court affirmed the trial court's denial of American Bankers' motion to compel arbitration, concluding that a resolution of Rice's claim alleging "deceit by fraudulent suppression" would "not require an inquiry into the meaning of the contract or its performance." 709 So.2d at 1191. American Bankers contends that after this Court affirmed in American Bankers I, Rice brought disputed contract issues into the action. American Bankers filed a "Renewed Motion to Stay Judicial Proceedings and Compel Arbitration." The trial court denied that motion, and American Bankers appealed.
This Court stayed the proceedings in the trial court and issued an order limiting the question on review "to whether the issues now allegedly introduced into the lawsuit by [Rice] invoke an interpretation of the contract and, thereby, provide [American Bankers] an opportunity to compel arbitration [under] the terms of the contract." After reviewing the briefs, the exhibits, and the record, we conclude that Rice has not amended its complaint — see American Bankers I, 709 So.2d at 1192-93, for the wording of the complaint — and that Rice has not introduced into the lawsuit issues that call for an interpretation of the contract.
In its complaint, Rice sought punitive damages on its claim of fraudulent suppression. Contrary to the assertion of American Bankers, Rice did not introduce new issues when it sought discovery of "pattern-and-practice" witnesses. This Court has written:
 "When a plaintiff has alleged fraud, discovery must necessarily be broader than in other cases; this is because of the heavy burden of proof imposed on one alleging fraud. It is well settled in this state that at trial of a fraud case a plaintiff can present evidence of prior similar misconduct to show the existence of a plan or scheme, motive, or intent on the part of a defendant."
Ex parte Horton, 711 So.2d 979, 983 (Ala. 1998). This Court has also stated:
 "[W]e believe that the United States Supreme Court's opinion in BMW of North America, Inc. v. Gore, 517 U.S. 559 (1996), increased the necessity for a plaintiff alleging fraud and seeking punitive damages to seek pretrial discovery of similar alleged acts of misconduct by the defendant." *Page 1084 
Id., at 983-84. See Ex parte First National Bank of Pulaski, [Ms. 1980087, March 19, 1999] 730 So.2d 1160, (Ala. 1999) (quoting Ex parte Horton).
We note an alternative basis argued by Rice for affirming the trial court's order — the wording of the arbitration provision itself. The arbitration provision states: "[T]he matter in dispute or disagreement may be put to arbitration . . . subject to applicable provisions of the statutes of the state in which [Rice] is domiciled dealing with arbitration." (Emphasis added.)
Black's Law Dictionary 979 (6th ed. 1990), defines the word "may":
 "[The word]_'may'_usually is employed to imply permissive, optional or discretional, and not mandatory action or conduct. Shea v. Shea, Okla., 537 P.2d 417, 418. Regardless of the instrument, however, whether constitution, statute, deed, contract or whatever, courts not infrequently construe `may' as `shall' or `must' to the end that justice may not be the slave of grammar. However, as a general rule, the word `may' will not be treated as a word of command unless there is something in context or subject matter of act to indicate that it was used in such sense."
(Emphasis added.) This definition is in accord with established Alabama law: ANCO TV Cable Co. v. Vista Communications Ltd. Partnership I, 631 So.2d 860, 863 (Ala. 1993); Ex parte Banks,28 Ala. 28, 35-37 (1856). We need not decide whether the context or subject matter of the contract at issue indicates that "may" should be treated as a word of command, because the contract requires us to use the "applicable provisions of the statutes [of Alabama (where Rice is domiciled)] dealing with arbitration," in construing this provision. The statutes of Alabama dealing with arbitration, Ala. Code 1975, § 6-6-1 et seq., allow arbitration as the exclusive remedy only if all parties to the controversy consent to arbitration. In the matter before us, Rice did not consent to arbitration; therefore, the trial court properly denied American Bankers' motion to compel arbitration.
For the foregoing reasons, the trial court's order denying American Bankers' motion to compel arbitration is affirmed and the stay is lifted.
AFFIRMED; STAY LIFTED.
Cook, Lyons, Brown, and Johnstone, JJ., concur.
Hooper, C. J., and Maddox and See, JJ., concur in the result.