Wesley Meadows, the plaintiff in an action pending in the Lowndes Circuit Court, petitions for a writ of mandamus directing Judge H. Edward McFerrin to set aside an order compelling arbitration of Meadows's claims and to conduct a jury trial on the question whether Meadows signed the arbitration agreement the judge was enforcing. On October 21, 1999, Judge McFerrin entered an order granting a motion to dismiss and to compel arbitration, filed by the defendants John Bailey d/b/a Super Star Homes (a mobile-home dealership); Maurice Bailey d/b/a Innovative Mortgage Company; and Pioneer Housing Systems, Inc. (the manufacturer of a mobile home Meadows had purchased at Super Star Homes). The defendants alleged in their motion that Meadows's claims were subject to an agreement to submit them to binding arbitration. Meadows challenged the authenticity of the signature on the document containing the arbitration agreement, the signature the defendants allege is Meadows's signature. The trial court concluded that an arbitrator should determine the authenticity of the signature. We grant the petition and issue the writ.
 Facts
On March 4, 1996, Meadows purchased a mobile home manufactured by Pioneer Housing Systems, Inc. ("Pioneer"). He purchased it from Super Star Homes and secured financing from Maurice Bailey. On January 28, 1998, Meadows sued the manufacturer, the dealer, and the lender, alleging breach of warranty, breach of contract, and fraud. On March 3, 1998, after the defendants had filed a motion to dismiss and to compel arbitration, Meadows filed a sworn statement denying the authenticity of the signature on a particular document dated February 7, 1996, entitled "Sales Contract." That document *Page 279 
contained an arbitration provision. Meadows based his complaint on a March 4, 1996, contract he entered into with Super Star Homes. He contends that he never signed the "Sales Contract" dated February 7, 1996; in moving to dismiss and to compel arbitration, the defendants relied on the arbitration clause in that Sales Contract. On April 2, 1998, the defendants submitted an affidavit signed by John Bailey in which he claimed that he had witnessed Meadows sign the document containing the arbitration agreement.
On June 2, 1999, Meadows submitted a report and an affidavit from a handwriting expert; the expert declared the signature on the document containing the arbitration agreement to be a forgery. On July 7, 1999, the trial court entered this handwritten order on the case action summary:
 "There being a disputed fact as to whether the Plaintiff signed the sales agreement containing the only arbitration agreement claimed to be effective in this cause, that determination should be made by an arbitrator since it determines whether that is or is not the Contract between the parties; and therefore, the cause is stayed and the parties are directed to arbitrate their dispute, the first of which shall be the validity of the sales agreement which contains the arbitration provision in question, and if found not to be a valid agreement shall remand all matters for further proceedings before this court."
 Standard of Review
A petition for a writ of mandamus is the appropriate means by which to seek review of a trial court's order granting a motion to compel arbitration. Jones v. Merrill Lynch, Pierce, Fenner Smith, Inc.,604 So.2d 332 (Ala. 1999). "The writ of mandamus is an extraordinary remedy. One petitioning for it must show 1) a clear legal right in the petitioner to the order sought; 2) an imperative duty upon the respondent to perform, accompanied by a refusal to do so; 3) the lack of another adequate remedy; and 4) properly invoked jurisdiction of the court." Exparte Shelton, 738 So.2d 864, 869 (Ala. 1999).
 Discussion
Meadows argues that he was entitled to a jury trial on the issue of the validity of the document containing the arbitration provision. The defendants argue that an arbitrator should decide that issue because, they say, Meadows challenges the validity of the entire contract, not just the arbitration clause. The record shows that Meadows based the claims in his complaint on a contract dated March 4, 1996. Meadows denies signing the document dated February 7, 1996, that contains the arbitration provision the defendants relied upon in their motion to dismiss and to compel arbitration. Thus, Meadows challenges the existence of a contract evidenced by the document dated February 7, 1996, and styled "Sales Contract."
The United States Court of Appeals for the Eleventh Circuit has stated:
 "The Federal Arbitration Act governs the question of who must decide issues of arbitrability. Under the Act, a district court must compel arbitration if the parties have agreed to arbitrate their dispute. 9 U.S.C. § 2, 3 (1988). However, if the validity of the agreement to arbitrate is in issue, a district court, not a panel of arbitrators, must decide if the arbitration clause is enforceable against the parties. Simply put, parties cannot be forced to submit to arbitration if they have not agreed to do so. Thus, `the first task of a court asked to compel arbitration of a dispute is to determine whether the parties agreed to arbitrate that dispute.'" *Page 280 
Chastain v. Robinson-Humphrey Co., 957 F.2d 851, 853-54 (11th Cir. 1992). (Citations omitted.)
The Eleventh Circuit has also adopted the following rule:
 "`To make a genuine issue entitling the [party seeking to avoid arbitration] to a trial by jury [on the arbitrability question], an unequivocal denial that the agreement had been made [is] needed, and some evidence should [be] produced to substantiate the denial.'"
Id. at 854 (quoting T R Enters. v. Continental Grain Co., 613 F.2d 1272,1278 (5th Cir. 1980)). This Court has held that "`because an "arbitrator's jurisdiction is rooted in the agreement of the parties," a party who contests the making of a contract containing an arbitration provision cannot be compelled to arbitrate the threshold issue of theexistence of an agreement to arbitrate.'" Shearson Lehman Bros., Inc.v. Crisp, 646 So.2d 613, 616-17 (Ala. 1994) (quoting Three Valleys Mun.Water Dist. v. E.F. Hutton Co., 925 F.2d 1136, 1140-41 (9th Cir. 1992) (citations omitted)). "`A contrary rule would lead to untenable results. Party A could forge party B's name to a contract and compel party B to arbitrate the question of the genuineness of [his or her] signature.'"Oakwood Mobile Homes, Inc. v. Barger, 773 So.2d 454,460 (quoting Three Valleys Mun. Water Dist. v. E.F.Hutton Co., 925 F.2d 1136, 1140 (9th Cir. 1991)).
Meadows contends that his signature was forged on the document dated February 7, 1996. On February 25, 1998, Meadows testified by affidavit that the signature on that document, the document that contained the arbitration clause, was not his signature. On March 31, 1998, John Bailey signed an affidavit stating: "I was present with Mr. Meadows on February 7, 1996 when he signed the Sales Contract to purchase the home and explained the terms of the contract to Mr. Meadows." On June 1, 1998, Meadows presented the affidavit of Richard A. Roper, Ph.D., a forensic examiner of questioned documents; Dr. Roper stated:
 "In my opinion, the `Wesley N. Meadows' signature appearing on the contract described as Item Q-1 [dated February 7, 1996] was not written by the writer of the body of known signatures of Wesley N. Meadows described as Item K-1, numbers 1 through 8. As compared to the known signatures it does bear a pictorial similarity to the known signatures, but is essentially devoid of evidence of the dynamic, rhythmic movement seen in the known signatures."
Dr. Roper examined Meadows's signatures appearing on several documents, including (1) an original "Driver's Daily Vehicle Inspection Report"; (2) a photocopy of a page of insurance-coverage options; (3) a photocopy of a page of an employment application; (4) an expired driver's license; a Social Security card; and an International Mason's V.I.P. card; and (5) several daily log sheets.
Meadows unequivocally denied signing the February 7, 1996, document that purports to bear his signature; thus, in effect, he denies the existence of a February 7, 1996, contract. He cannot be compelled to arbitrate the issue whether he entered into a contract in February 1996. Meadows provided substantial evidence to support his contention that he did not sign the document. He testified under oath that he did not sign the document, and he presented testimony from an expert, Dr. Roper, who corroborated Meadows's testimony that he did not sign the document. Meadows was entitled to have a jury determine whether he signed the February 7, 1996, document that contained the arbitration provision. *Page 281 
We grant the petition and issue the writ of mandamus. The circuit judge is directed to conduct a trial by jury only on the issue whether Meadows signed the document dated February 7, 1996.
PETITION GRANTED; WRIT ISSUED.
MADDOX, HOUSTON, COOK, SEE, LYONS, and JOHNSTONE, JJ., concur.
HOOPER, C.J., dissents.