PER CURIAM.
SSC Selma Operating Company, LLC, doing business as Warren Manor Health & Rehabilitation Center (“SSC”); Bernard Turk, the administrator of Warren Manor Health & Rehabilitation Center (“Warren Manor”); and Sava Senior Care Administrative Services, LLC (“Sava”), the entity that manages Warren Manor (hereinafter collectively referred to as “the defendants”), appeal from the trial court’s order denying their motion to compel arbitration.

Facts and Procedural History

Jimmy Lee Gordon was admitted to Warren Manor on December 7, 2006. It is undisputed that Ethel Gordon, Mr. Gordon’s wife, signed the following documents on Mr. Gordon’s behalf upon his admittance to Warren Manor: “Authorization Form of Release of Information”; “Advance Directives/Medical Treatment Decisions/Acknowledgment of Receipt”; “Podiatry/Consent to Treat”; and “Consent to Photograph.” The defendants allege that Mrs. Gordon also signed a separate “Agreement for Arbitration” on Mr. Gordon’s behalf. Mrs. Gordon denies that she signed the arbitration agreement.
Mr. Gordon died on December 30, 2006, while a resident of Warren Manor. Following Mr. Gordon’s death, Ethel Gordon, in her capacity as the administratrix of his estate, sued the defendants, alleging “wrongful death — medical malpractice” and “combined and concurring negligence.” Mrs. Gordon demanded a trial by jury in her complaint.
In response to Mrs. Gordon’s complaint, SSC and Turk filed a motion to compel arbitration based on the arbitration agreement they allege Mrs. Gordon signed on Mr. Gordon’s behalf. SSC and Turk attached to their motion a copy of the arbitration agreement purportedly signed by Mrs. Gordon and the affidavit of Turk, the administrator of Warren Manor, stating that the underlying transaction did affect interstate commerce. Turk also states in his affidavit that the
*600 “[^Information in this affidavit is based on my personal knowledge.... Ethel Gordon signed a Dispute Resolution Agreement (‘the Agreement’) during the process of admitting Jimmy Lee Gordon to Warren Manor. Ms. Ethel Gordon executed the agreement as the legal representative of Jimmy Lee Gordon. A true and correct copy of the Agreement is attached [to the motion] as Exhibit B.”
Subsequently, Sava also filed a motion to compel arbitration. Mrs. Gordon filed a response to the defendants’ motions to compel arbitration. Attached to Mrs. Gordon’s response to the motions to compel arbitration was her affidavit, in which she states that she did not sign an arbitration agreement. On October 30, 2008, SSC and Turk filed a reply to Mrs. Gordon’s response. Attached to SSC and Turk’s reply was the affidavit of Richard A. Roper, Ph.D., a certified forensic document examiner, in which Roper opined that the signature on- the arbitration agreement alleged to be Mrs. Gordon’s was “very probably” Mrs. Gordon’s.
On November 3, 2008, the trial court held a hearing on the defendants’ motions to compel arbitration. On that same day, Mrs. Gordon filed a motion to strike Roper’s affidavit testimony, stating in her motion the following reasons for striking Roper’s affidavit:
“1. The affidavit is untimely in that it was filed less than two (2) days prior to the time set for the hearing.[1]
“2. There has been no adequate foundation laid for the opinion stated in the affidavit.
“3. The opinions in the affidavit are based upon unauthenticated documents.
“4. The opinions stated in the affidavit are not admissible under En/e [v. United States, 293 F. 1013 (D.C.Cir. 1923),] or the Alabama Rules of Evidence.
“5. The opinions are based upon documents which Richard A. Roper was allowed access to by the Defendants in violation of HIPAA [Health Insurance Portability and Accountability Act].”
On November 10, 2008, the defendants filed an “Opposition to [Mrs. Gordon’s] Motion to Strike” Roper’s affidavit testimony and a “[supplemental reply to [Mrs. Gordon’s] opposition to [the defendants’] motion to compel arbitration.” The defendants attached a second affidavit of Roper’s to their supplemental reply in which Roper explained the term “very probably” as he had used that term in his first affidavit.
On November 10, 2008, the trial court granted Mrs. Gordon’s motion to strike, thereby refusing to consider Roper’s affidavit testimony. The trial court also denied the defendants’ motions to compel arbitration. The trial court did not provide an order explaining the reasoning behind either of its decisions. On December 19, 2008, the defendants filed a notice of appeal to this Court.
On December 22, 2008, while the case was pending on appeal, the defendants filed in the trial court a “Motion to Reconsider,” asking the trial court to reconsider its decisions to grant Mrs. Gordon’s motion to strike and to deny the defendants’ motions to compel arbitration. The trial court held a hearing on the defendants’ motion to reconsider on January 5, 2009. On January 6, 2009, the defendants submitted to the trial court a document entitled “[s]upplemental authority in support *601 of [the defendants’] motion to reconsider.” The supplemental authority included the affidavit testimony of Gail Ezelle, the admissions director of Warren Manor, and exhibits, in an attempt to authenticate the arbitration agreement. On January 7, 2009, the trial court purported to deny the defendants’ motion to reconsider.

Standard of Review

The legal principles guiding this Court’s review of a ruling on a motion to compel arbitration are well settled:
“ ‘This Court’s review of an order granting or denying a motion to compel arbitration is de novo. First American Title Ins. Corp. v. Silvernett, 744 So.2d 883, 886 (Ala.1999); Crimson Indus., Inc. v. Kirkland, 736 So.2d 597, 600 (Ala.1999); Patrick Home Ctr., Inc. v. Karr, 730 So.2d 1171 (Ala.1999).’
“United Wisconsin Life Ins. Co. v. Tankersley, 880 So.2d 385, 389 (Ala.2003). Furthermore:
“ ‘ “A motion to compel arbitration is analogous to a motion for summary judgment. TranSouth Fin. Corp. v. Bell, 739 So.2d 1110, 1114 (Ala.1999). The party seeking to compel arbitration has the burden of proving the existence of a contract calling for arbitration and proving that that contract evidences a transaction affecting interstate commerce. Id. ‘After a motion to compel arbitration has been made and supported, the burden is on the non-movant to present evidence that the supposed arbitration agreement is not valid or does not apply to the dispute in question.’ ”
“ ‘Fleetwood Enters., Inc. v. Bruno, 784 So.2d 277, 280 (Ala.2000) (quoting Jim Burke Auto., Inc. v. Beavers, 674 So.2d 1260, 1265 n. 1 (Ala.1995) (emphasis omitted)).’
“Vann v. First Cmty. Credit Corp., 834 So.2d 751, 753 (Ala.2002).”
Cartwright v. Maitland, 30 So.3d 405, 408-09 (Ala.2009).

Discussion

Initially, we note that the defendants’ motion to reconsider, which appears to be, in substance, a Rule 59(e) Ala. R. Civ. P., motion to alter, amend, or vacate the judgment, was untimely. This Court held in George v. Sims 888 So.2d 1224, 1227 (Ala.2004):
“Generally, a trial court has no jurisdiction to modify or amend a final order more than 30 days after the judgment has been entered, except to correct clerical errors. See Rule 59(e) and Rule 60, Ala. R. Civ. P.; Cornelius v. Green, 477 So.2d 1363, 1365 (Ala.1985) (holding that the trial court had no jurisdiction to modify its final order more than 30 days after its final judgment); Dickerson v. Dickerson, 885 So.2d 160, 166 (Ala.Civ. App.2003) (holding that, absent a timely postjudgment motion, the trial court has no jurisdiction to alter, amend, or vacate a final judgment); and Superior Sec. Serv., Inc. v. Azalea City Fed. Credit Union, 651 So.2d 28, 29 (Ala.Civ.App. 1994) (‘It is well settled that after 30 days elapse following the entry of a judgment, the trial court no longer has authority to correct or amend its judgment, except for clerical errors.’).”
Therefore, the trial court’s ruling purporting to deny the defendants’ motion to alter, amend, or vacate is a nullity and has no bearing on this appeal. Consequently, this Court cannot consider any of the evi-dentiary material attached to the defendants’ motion to alter, amend, or vacate, because that material was not before the trial court when it entered its judgment denying the defendants’ motions to compel *602 arbitration or when the defendants filed their notice of appeal.
In reviewing the trial court’s judgment denying the defendants’ motions to compel arbitration, we must first determine whether an arbitration agreement existed between SSC and Mrs. Gordon. As set forth above, the defendants must first satisfy their burden to provide substantial evidence that a contract between SSC and Mrs. Gordon calling for arbitration existed.
In response to Mrs. Gordon’s complaint, SSC and Turk filed their motion to compel arbitration and attached to the motion a copy of an “Agreement for Arbitration” allegedly signed by Mrs. Gordon and Turk’s affidavit stating that, based on his personal knowledge, the copy of the arbitration agreement was a “true and correct copy.” Mrs. Gordon specifically argues for the first time on appeal that the arbitration agreement was not properly authenticated and that it should not have been admitted into evidence in the trial court.
A motion to compel arbitration is analogous to a motion for a summary judgment, Ex parte Caver, 742 So.2d 168, 172 n. 4 (Ala.1999); thus, the rules governing the admission of affidavits supporting or opposing a motion for a summary judgment as stated in Rule 56(e), Ala. R. Civ. P., apply to affidavits supporting or opposing a motion to compel arbitration. See TranSouth Fin. Corp. v. Bell, 739 So.2d 1110, 1114 (Ala.1999) (“A motion to compel arbitration is analogous to a motion for a summary judgment.”). Concerning affidavits and exhibits offered in support of or in opposition to a motion for a summary judgment, this Court has stated:
“Rule 56(e), Ala. R. Civ. P., generally requires that ‘[s]worn or certified copies’ of documents referred to in an affidavit offered supporting or opposing a motion for a summary judgment be attached to the affidavit. However, if an affidavit or the documents attached to an affidavit fail to comply with this rule, the opposing party must object to the admissibility of the affidavit or the document and move to strike. Ex parte Elba Gen. Hosp. & Nursing Home, Inc., 828 So.2d 308, 312-13 (Ala.2001) (noting that a party must object to evidence submitted in support of a motion for a summary judgment that does not comply with Rule 56(e), Ala. R. Civ. P.); Chatham v. CSX Transp., Inc., 613 So.2d 341, 344 (Ala.1993) (‘A party must move the trial court to strike any nonadmissible evidence that violates Rule 56(e). Failure to do so waives any objection on appeal and allows this Court to consider the defective evidence.’).”
Elizabeth Homes, L.L.C. v. Cato, 968 So.2d 1, 4-5 (Ala.2007) (footnote and emphasis omitted); see also Ex parte Unitrin, Inc., 920 So.2d 557, 560 (Ala.2005) (citing Berry Mountain Mining Co. v. American Res. Ins. Co., 541 So.2d 4 (Ala.1989), for the proposition that “defendants’ failure to move to strike unauthenticated documents attached to plaintiffs motion for a summary judgment waived any objections to the trial court’s reliance on those documents”).
Mrs. Gordon raises many arguments on appeal concerning the admissibility of the arbitration agreement, none of which she raised in the trial court. In Mrs. Gordon’s “response to [the defendants’] motion to compel arbitration” filed with the trial court, Mrs. Gordon argued that she did not sign the arbitration agreement, but she did not argue that the copy of the arbitration agreement attached to the motion was not admissible. Mrs. Gordon also made a general allegation in her motion to strike Roper’s affidavit that Roper based his analysis on “unauthenticated documents.” However, Mrs. Gordon did not specify which documents she was *603 alleging were unauthenticated. A thorough review of the record does not reveal that Mrs. Gordon specifically objected to the admissibility of the copy of the arbitration agreement attached to SSC and Turk’s motion to compel arbitration. Moreover, even if Mrs. Gordon had objected to the admissibility of the copy of the arbitration agreement, it is undisputed that Mrs. Gordon did not file a motion to strike the arbitration agreement. Therefore, we will consider the evidence.
In order to satisfy their burden of proof, the defendants must present evidence that a contract calling for arbitration exists and that the “contract evidences a transaction affecting interstate commerce.” Fleetwood Enters., Inc. v. Bruno, 784 So.2d 277, 280 (Ala.2000) (citing Tran-South Fin. Corp. v. Bell, 739 So.2d 1110, 1114 (Ala.1999)). The arbitration agreement itself constituted substantial evidence that a contract calling for arbitration existed between SSC and Mrs. Gordon. Mrs. Gordon concedes in her appellate brief before this Court that SSC “[is] engaged in interstate commerce.” (Mrs. Gordon’s appellate brief, at 25 n. 9.) Thus, the defendants satisfied their burden of proof.
Once the defendants satisfied their burden of producing substantial evidence that an arbitration agreement exists, the burden then shifted to Mrs. Gordon to produce sufficient evidence to create a genuine issue of material fact as to whether the arbitration agreement is valid. This Court stated in Ex parte Meadows, 782 So.2d 277, 280 (Ala.2000):
“ ‘ “To make a genuine issue entitling the [party seeking to avoid arbitration] to a trial by jury [on the arbitra-bility question], an unequivocal denial that the agreement had been made [is] needed, and some evidence should [be] produced to substantiate the denial.” ’
“[Chastain v. Robinson-Humsphrey Co., 957 F.2d 851, 854 (11th Cir.1992) ] (quoting T & R Enters., v. Continental Grain Co., 613 F.2d 1272, 1278 (5th Cir.1980)).”
In the present case, Mrs. Gordon filed a response to the defendants’ motions to compel arbitration and attached to the response her affidavit, in which she denied that she had signed an arbitration agreement with SSC. Under Meadows, Mrs. Gordon’s affidavit constitutes sufficient evidence that the arbitration agreement did not exist. Therefore, a genuine issue of material fact has been raised concerning the existence of the arbitration agreement. “If the party opposing arbitration presents sufficient evidence to create a fact question as to the existence of a valid arbitration agreement, then the issue must be resolved by the trial court or by a jury, if one is requested.” Ex parte Caver, 742 So.2d at 172 n. 4.
Based on Mrs. Gordon’s demand in her complaint for a trial by jury, the issue whether an arbitration agreement existed between SSC and Mrs. Gordon should have been tried before a jury. See Rule 39(a), Ala. R. Civ. P. However, the trial court denied the defendants’ motions to compel arbitration without submitting the issue to a jury. Therefore, the trial court’s order denying the defendants’ motions to compel is reversed, and the case is remanded for a jury trial to determine whether an arbitration agreement existed between SSC and Mrs. Gordon.
The defendants also raise arguments concerning the trial court’s order granting Mrs. Gordon’s motion to strike Roper’s affidavit testimony. This issue is moot in light of our decision to reverse the trial court’s order and remand the case for a jury trial to determine whether an arbitration agreement exists.

*604
Conclusion

Based on the foregoing, we reverse the trial court’s order and remand this case for proceedings consistent with this opinion.
REVERSED AND REMANDED.
COBB, C.J., and WOODALL, SMITH, PARKER, and SHAW, JJ., concur.

. We note that November 3, 2008, was a Monday; Mrs. Gordon was obviously referring to two business days.