STUART, Justice.
SSC Selma Operating Company, LLC, doing business as Warren Manor Health & Rehabilitation Center (“SSC”), and Bernard Turk, the administrator of Warren Manor Health & Rehabilitation Center (‘Warren Manor”) (SSC and Turk are hereinafter referred to collectively as “the Warren Manor defendants”), appeal the judgment of the Dallas Circuit Court denying their joint motion to compel arbitration of the medical-malpractice wrongful-death claims asserted against them by Ethel Gordon (“Gordon”), the administratrix of the estate of Jimmy Lee Gordon, Gordon’s husband, pursuant to an arbitration agreement they allege Gordon had entered into with SSC. We affirm.
I.
This is the second opinion this Court has issued in this case. In SSC Selma Operating Co. v. Gordon, 56 So.3d 598 (Ala.2010) (“Gordon I”), we were also asked by the Warren Manor defendants to reverse an order entered by the trial court denying their motion to compel the arbitration of Gordon’s claims pursuant to an arbitration agreement Gordon was alleged to have entered into with SSC at the time her late husband was admitted to Warren Manor.[1] We held in Gordon I that it was inappropriate for the trial court either to grant or to deny the motion to compel arbitration at that time, explaining:
“In order to satisfy their burden of proof, the [Warren Manor] defendants must present evidence that a contract calling for arbitration exists and that the ‘contract evidences a transaction affecting interstate commerce.’ Fleetwood Enters., Inc. v. Bruno, 784 So.2d 277, 280 (Ala.2000) (citing TranSouth Fin. Corp. v. Bell, 739 So.2d 1110, 1114 (Ala.1999)). The arbitration agreement itself constituted substantial evidence that a contract calling for arbitration existed between SSC and Mrs. Gordon. Mrs. Gordon concedes in her appellate brief before this Court that SSC ‘[is] engaged in interstate commerce.’ (Mrs. Gordon’s appellate brief, at 25 n. 9.) Thus, the [Warren Manor] defendants satisfied their burden of proof.
“Once the [Warren Manor] defendants satisfied their burden of producing substantial evidence that an arbitration agreement exists, the burden then shifted to Mrs. Gordon to produce sufficient *38 evidence to create a genuine issue of material fact as to whether the arbitration agreement is valid. This Court stated in Ex parte Meadows, 782 So.2d 277, 280 (Ala.2000):
“ ‘ “ ‘To make a genuine issue entitling the [party seeking to avoid arbitration] to a trial by jury [on the arbitrability question], an unequivocal denial that the agreement had been made [is] needed, and some evidence should [be] produced to substantiate the denial.’ ”
“ ‘[Chastain v. Robinson-Humphrey Co., 957 F.2d 851, 854 (11th Cir.1992) ] (quoting T & R Enters., v. Continental Grain Co., 613 F.2d 1272, 1278 (5th Cir.1980)).’
“In the present case, Mrs. Gordon filed a response to the [Warren Manor] defendants’ motion[] to compel arbitration and attached to the response her affidavit, in which she denied that she had signed an arbitration agreement with SSC. Under Meadows, Mrs. Gordon’s affidavit constitutes sufficient evidence that the arbitration agreement did not exist. Therefore, a genuine issue of material fact has been raised concerning the existence of the arbitration agreement. ‘If the party opposing arbitration presents sufficient evidence to create a fact question as to the existence of a valid arbitration agreement, then the issue must be resolved by the trial court or by a jury, if one is requested.’ Ex parte Caver, 742 So.2d [168] at 172 n. 4 [ (Ala.1999) ].
“Based on Mrs. Gordon’s demand in her complaint for a trial by jury, the issue whether an arbitration agreement existed between SSC and Mrs. Gordon should have been tried before a jury. See Rule 39(a), Ala. R. Civ. P. However, the trial court denied the [Warren Man- or] defendants’ motion[ ] to compel arbitration without submitting the issue to a jury. Therefore, the trial court’s order denying the [Warren Manor] defendants’ motion[] to compel is reversed, and the case is remanded for a jury trial to determine whether an arbitration agreement existed between SSC and Mrs. Gordon.”
56 So.3d at 603 (emphasis added). On remand, the trial court, in accordance with our mandate, set a jury trial to determine the issue whether a valid arbitration agreement between Gordon and SSC existed. On June 15, 2011, Gordon filed a motion in limine, noting that the Warren Manor defendants had acknowledged that the original copy of the arbitration agreement Gordon was alleged to have executed could not be found and asking the trial court to bar the Warren Manor defendants from introducing as evidence any photocopy of the signed arbitration agreement. Citing Rule 1003, Ala. R. Evid., Gordon argued that a photocopy of the arbitration agreement she allegedly signed should be inadmissible because an issue had been raised as to the authenticity of the original.
On June 20, 2011, the Warren Manor defendants filed their response, arguing that a photocopy of the signed arbitration agreement should be allowed both because this Court had specifically held in Gordon I that “the arbitration agreement itself constituted substantial evidence that a contract calling for arbitration existed,” 56 So.3d at 603, and because the legislature specifically has provided in § 12-21^4, Ala.Code 1975, that photocopies of business records are admissible. In conjunction with their response, the Warren Man- or defendants submitted an affidavit from the director of Warren Manor, who swore that the photocopy of the signed arbitration agreement the Warren Manor defendants intended to submit at trial was a true and correct copy of the original and *39 that it was made and executed in the regular course of business. A hearing was held on Gordon’s motion in limine on June 22, 2011, and, on July 1, 2011, the trial court entered an order granting the motion, stating:
“[Gordon’s] motion in limine is granted, and the court finds the duplicate copy of the arbitration agreement is inadmissible.
“The court finds that the [Warren Manor] defendants did not provide a reasonable accounting for the existence of an original of the arbitration agreement nor did [the Warren Manor] defendants establish that the original arbitration agreement was a writing made in the regular course of business so that the duplicate was admissible as a business record pursuant to [§ 12-21-44(a), Ala.Code 1975, and Rule 44(h), Ala. R. Civ. PJ. As such, the [Warren Manor] defendants’ argument that the business record exception ... deems the arbitration agreement admissible is without merit.
“[The Warren Manor] defendants also argue that as a result of the decision by the Alabama Supreme Court in [Gordon 7] that [Gordon’s] motion in limine is due to be denied. This court rejects the [Warren Manor] defendants’ argument that the Alabama Supreme Court, by considering the arbitration agreement for purposes of appeal, intended that the trial court was without authority to further test the authenticity of the arbitration agreement.
“This court is unaware of any law or precedent that precludes the trial court from considering the admissibility of critical evidence at the trial of a case, though the evidence has been considered on appeal from an interlocutory order.
“To adopt that rule as the law, especially in this case, abrogates [Rule 1003, Ala. R. Evid.,] and severely limits the trial court’s function as the gatekeeper of the evidence.”
On August 12, 2011, the Warren Manor defendants petitioned this Court for a writ of mandamus directing the trial court to vacate its order granting Gordon’s motion in limine and to proceed with the jury trial mandated by this Court in Gordon I. On September 14, 2011, this Court denied that petition without an opinion. On November 1, 2011, the Warren Manor defendants filed a renewed motion in the trial court to compel arbitration of Gordon’s claims. On November 28, 2011, at the conclusion of a hearing, the trial court denied the motion to compel arbitration. On January 9, 2012, the Warren Manor defendants filed this appeal pursuant to Rule 4(d), Ala. R.App. P., which provides that an order denying a motion to compel arbitration is appealable as a matter of right.
II.
The trial court’s order denying the Warren Manor defendants’ motion to compel arbitration is due to be affirmed because the trial court has not yet conducted the trial mandated by this Court in Gordon I to determine whether a valid arbitration agreement exists between Gordon and SSC. “ ‘It is well settled that, after remand, the trial court should comply strictly with the mandate of the appellate court....’” Ex parte Edwards, 727 So.2d 792, 794 (Ala.1998) (quoting Auerbach v. Parker, 558 So.2d 900, 902 (Ala.1989)). This Court issued a mandate that a jury trial be held on the issue whether a valid arbitration agreement exists between Gordon and SSC, and the trial court would violate that mandate if it were to grant the Warren Manor defendants’ motion to compel arbitration before holding that jury trial. Thus, the trial court properly denied *40 the motion to compel arbitration filed by the Warren Manor defendants.
We further note, however, that to the extent the trial court and any of the parties believe that the ruling on Gordon’s motion in limine obviates the requirement that a trial be held and a final judgment entered they are mistaken. A ruling granting or denying a motion in limine is not a final judgment, and, for all that appears, no judgment has yet been entered on the issue whether a valid arbitration agreement exists between Gordon and SSC. At the yet-to-be conducted trial on that issue, the Warren Manor defendants may again proffer the evidence previously excluded by the trial court, and, in fact, they must do so if they hope to preserve the issue for eventual appeal. As this Court explained in Bush v. Alabama Farm Bureau Mutual Casualty Insurance Co., 576 So.2d 175, 177-78 (Ala.1991):
“We recognize that the trial court has broad discretion in evidentiary matters. The general rule was stated in State v. Askew, 455 So.2d 36 (Ala.Civ.App.1984), citing C. Gamble, The Motion in Limine: A Pretrial Procedure That Has Come of Age, 33 Ala. L.Rev. 1 (1981), as follows:
“ ‘In keeping with the vesting of broad discretion in the trial court in this area, it is generally held that the granting of a motion in limine can never be reversible error. The non-moving party may repeat at trial, preferably out of the hearing of the jury, his request for permission to prove the contested matter. This offer of proof is required in order to isolate the error for appeal. It is this refusal at trial to accept that proffered evidence, not the granting of the pretrial motion in limine, that serves as the basis for reversible error. Of course, this ability to bring up the matter a second time would not be available if counsel had requested and the judge had granted a prohibitive-absolute motion in limine.’
“455 So.2d at 37.”
Moreover, even if the Warren Manor defendants proffer the photocopy of the signed arbitration agreement and the trial court again rules it inadmissible, the Warren Manor defendants may attempt to establish the existence of an agreement to arbitrate by other evidence. See, e.g., Jenkins v. Atelier Homes, Inc., 62 So.3d 504, 509-10 (Ala.2010) (stating, in a case where the alleged executed contract containing an arbitration clause had been lost, that the defendant nevertheless put forth substantial evidence indicating that there was a contract calling for arbitration via an affidavit in which the affiant swore that the plaintiffs had executed such a contract, along with a copy of the standard contract that was alleged to have been used).[2] Regardless, however, the trial will conclude with a final judgment, and, if that judgment is adverse to the Warren Manor defendants and they have properly preserved any objections, they may timely file an appeal challenging the trial court’s evi-dentiary decisions. Any attempt to appeal the trial court’s decision whether to admit certain evidence before the entry of a final *41 judgment is premature. See Ex parte Sysco Food Servs. of Jackson, LLC, 901 So.2d 671, 674 (Ala.2004) (“Alabama precedent has established that review of an order granting or denying a motion in limine is by appeal.”).[3]
III.
The trial court properly denied the Warren Manor defendants’ motion to compel arbitration of Gordon’s claims against them because the trial court has yet to conduct a trial to resolve the issue identified by this Court in Gordon I — whether a valid arbitration agreement exists between Gordon and SSC. Only if that issue is answered in the affirmative may the Warren Manor defendants properly move to compel arbitration. If that trial results in a judgment holding that there is no valid arbitration agreement, then the Warren Manor defendants may file a timely appeal challenging the trial court’s ruling excluding any evidence they wished to submit at trial. Accordingly, the judgment of the trial court is affirmed.
AFFIRMED.
MALONE, C.J., and SHAW and WISE, JJ., concur.
PARKER, J., concurs in the result.

. In Gordon I, the Warren Manor defendants were joined on appeal by Sava Senior Care Administrative Services, LLC ("Sava”), the entity that manages Warren Manor. Sava had filed a separate motion to compel arbitration, which the trial court had also denied. Sava has not filed another motion to. compel arbitration, nor did it join in the motion filed by the Warren Manor defendants, and it is not a party to this appeal.

. In her motion in limine, Gordon asked the trial court to exclude "[a]ny evidence of and or reference to the copy of the arbitration agreement....” In its order granting that motion, the trial court stated only that "the court finds the duplicate copy of the arbitration agreement to be inadmissible.” Thus, it is unclear if the trial court intended to prohibit any attempt by the Warren Manor defendants to establish that an arbitration agreement existed. Presumably, this would be clarified at trial when the Warren Manor defendants made their proffer of evidence.

. For this reason, the Warren Manor defendants were entitled to no relief on their earlier petition asking this Court to issue a writ of mandamus directing the trial court to vacate its July 1, 2011, order.